*208 OPINION.
Trttssell :
The respondent has disallowed the deduction of the loss sustained by the petitioner in 1922, solely upon the ground that the property in question was originally acquired for residential purposes and that the transaction was not originally entered into for profit.
Section 214 (a) (4) (5) of the Revenue Act of 1921 provides:
Sec. 214. (a) That in computing net income there shall be allowed, as deductions :
»#****»
(4) Losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in trade or business;
(6) Losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in any transaction entered into for profit, though not connected with the trade or business; * * * [Italics ours.]
The undisputed facts in the case at bar clearly establish that the transaction, the purchase of the Upland Drive residence property, was entered into for profit. The petitioner had accepted a position which required him to move from Cedar Rapids to Des Moines, at the time he purchased the property in question and he testified that he would not have purchased the property if he had not thought that he could sell it at a profit. From the time the contract to purchase was signed until the property was actually sold, petitioner made every effort to sell, for it was necessary for him to move to Des Moines.
We are of the opinion that this transaction was entered into for profit, within the purview of section 214 (a) (5) of the Revenue Act of 1921.
The petitioner is, therefore, entitled to a deduction of a loss upon the sale of the property in 1922.
Reviewed by the Board.
The deficiency may be recomputed m accordance with the foregoing findings of fact and opinion upon 15 days1 notice, pursuant to Rule 50, and judgment will be entered accordingly.